DEFENDANT: HAROLD SCOTT MCDONALD
CASE NUMBER: 1:15CR329-3
DISTRICT: Middle District of North Carolina

# STATEMENT OF REASONS
(Not for Public Disclosure)

*Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony and Class A misdemeanor cases.*

## I. COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

A. ☐ The court adopts the presentence investigation report without change.

B. ☒ **The court adopts the presentence investigation report with the following changes.** *(Use Section VIII if necessary)*

*(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report.)*

1. ☒ **Chapter Two of the United States Sentencing Commission Guidelines Manual determinations by court:** *(briefly summarize the changes, including changes to base offense level, or specific offense characteristics)*

    See Page 4.

2. ☐ **Chapter Three of the United States Sentencing Commission Guidelines Manual determinations by court:** *(briefly summarize the changes, including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility)*

3. ☐ **Chapter Four of the United States Sentencing Commission Guidelines Manual determinations by court:** *(briefly summarize the changes, including changes to criminal history category or scores, career offender status, or criminal livelihood determinations)*

4. ☐ **Additional Comments or Findings:** *(include comments or factual findings concerning any information in the presentence report, including information that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions; an other rulings on disputed portions of the presentence investigation report; identification of those portions of the report in dispute but for which a cou determination is unnecessary because the matter will not affect sentencing or the court will not consider it)*

C. ☐ The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.

## II. COURT FINDING ON MANDATORY MINIMUM SENTENCE *(Check all that apply)*

A. ☐ One or more counts of conviction carry a mandatory minimum term of imprisonment and the sentence is at or above the applicable mandatory minimum term.

B. ☐ One or more counts of conviction carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum term does not apply based on:

    ☐ findings of fact in this case: *(Specify)* _____

    ☐ substantial assistance (18 U.S.C. § 3553(e))
    ☐ the statutory safety valve (18 U.S.C. § 3553(f))

C. ☒ No count of conviction carries a mandatory minimum sentence.

## III. COURT DETERMINATION OF ADVISORY GUIDELINE RANGE: *(BEFORE DEPARTURES OR VARIANCES)*

Total Offense Level: __8__
Criminal History Category: __I__
Guideline Range: *(after application of §5G1.1 and §5G1.2)* __0__ to __6__ months
Supervised Release Range: __1__ to __3__ years
Fine Range: $ __1,000__ to $ __10,000__

☒ Fine waived or below the guideline range because of inability to pay.

DEFENDANT: HAROLD SCOTT MCDONALD  
CASE NUMBER: 1:15CR329-3  
DISTRICT: Middle District of North Carolina

# STATEMENT OF REASONS

### IV. GUIDELINE SENTENCING DETERMINATION *(Check all that apply)*

- A. ☒ The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range does not exceed 24 months.
- B. ☐ The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range exceeds 24 months, and the specific sentence is imposed for these reasons: *(Use Section VIII if necessary)*
- C. ☐ The court departs from the guideline range for one or more reasons provided in the Guidelines Manual. *(Also complete Section V.)*
- D. ☐ The court imposed a sentence otherwise outside the sentencing guideline system (i.e., a variance). *(Also complete Section VI)*

### V. DEPARTURES PURSUANT TO THE GUIDELINES MANUAL *(If applicable)*

A. **The sentence imposed departs:** *(Check only one)*
- ☐ above the guideline range
- ☐ below the guideline range

B. **Motion for departure before the court pursuant to:** *(Check all that apply and specify reason(s) in sections C and D)*

1. **Plea Agreement**
   - ☐ binding plea agreement for departure accepted by the court
   - ☐ plea agreement for departure, which the court finds to be reasonable
   - ☐ plea agreement that states that the government will not oppose a defense departure motion.
2. **Motion Not Addressed in a Plea Agreement**
   - ☐ government motion for departure
   - ☐ defense motion for departure to which the government did not object
   - ☐ defense motion for departure to which the government objected
   - ☐ joint motion by both parties
3. **Other**
   - ☐ Other than a plea agreement or motion by the parties for departure

C. **Reasons for departure:** *(Check all that apply)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ | 5K2.12 | Coercion and Duress |
| ☐ | 5H1.1 Age | ☐ | 5K2.2 | Physical Injury | ☐ | 5K2.13 | Diminished Capacity |
| ☐ | 5H1.2 Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.14 | Public Welfare |
| ☐ | 5H1.3 Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.4 Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ | 5K2.17 | High-Capacity, Semiautoma Weapon |
| ☐ | 5H1.5 Employment Record | ☐ | 5K2.6 | Weapon | ☐ | 5K2.18 | Violent Street Gang |
| ☐ | 5H1.6 Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ | 5K2.20 | Aberrant Behavior |
| ☐ | 5H1.11 Military Service | ☐ | 5K2.8 | Extreme Conduct | ☐ | 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ | 5H1.11 Charitable Service/Good Works | ☐ | 5K2.9 | Criminal Purpose | ☐ | 5K2.22 | Sex Offender Characteristics |
| ☐ | 5K1.1 Substantial Assistance | ☐ | 5K2.10 | Victim's Conduct | ☐ | 5K2.23 | Discharged Terms of Imprisonment |
| ☐ | 5K2.0 Aggravating/Mitigating Circumstances | ☐ | 5K2.11 | Lesser Harm | ☐ | 5K2.24 | Unauthorized Insignia |
| | | | | | ☐ | 5K3.1 | Early Disposition Program (EDP) |

☐ Other Guideline Reason(s) for Departure, to include departures pursuant to the commentary in the Guidelines Manual: *(see "List of Departure Provisions" following the Index in the Guidelines Manual.) (Please specify)*

D. **State the basis for the departure.** *(Use page 4 if necessary)*

DEFENDANT: HAROLD SCOTT MCDONALD
CASE NUMBER: 1:15CR329-3
DISTRICT: Middle District of North Carolina

# STATEMENT OF REASONS

**VI. COURT DETERMINATION FOR A VARIANCE** *(If applicable)*
   A. **The sentence imposed is:** *(Check only one)*
      ☐ above the guideline range
      ☐ below the guideline range

   B. **Motion for a variance before the court pursuant to:** *(Check all that apply and specify reason(s) in sections C and D)*
      1. **Plea Agreement**
         ☐ binding plea agreement for a variance accepted by the court
         ☐ plea agreement for a variance, which the court finds to be reasonable
         ☐ plea agreement that states that the government will not oppose a defense motion for a variance
      2. **Motion Not Addressed in a Plea Agreement**
         ☐ government motion for a variance
         ☐ defense motion for a variance to which the government did not object
         ☐ defense motion for a variance to which the government objected
         ☐ joint motion by both parties
      3. **Other**
         ☐ Other than a plea agreement or motion by the parties for a variance

   C. **18 U.S.C. § 3553(a) and other reason(s) for a variance** *(Check all that apply)*
      ☐ The nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1)
         ☐ Mens Rea                  ☐ Extreme Conduct          ☐ Dismissed/Uncharged Conduct
         ☐ Role in the Offense       ☐ Victim Impact
         ☐ General Aggravating or Mitigating Factors *(Specify)* _____
      ☐ The history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
         ☐ Aberrant Behavior          ☐ Lack of Youthful Guidance
         ☐ Age                        ☐ Mental and Emotional Condition
         ☐ Charitable Service/Good    ☐ Military Service
             Works
         ☐ Community Ties             ☐ Non-Violent Offender
         ☐ Diminished Capacity        ☐ Physical Condition
         ☐ Drug or Alcohol Dependence ☐ Pre-sentence Rehabilitation
         ☐ Employment Record          ☐ Remorse/Lack of Remorse
         ☐ Family Ties and            ☐ Other: *(Specify)* _____
             Responsibilities
         ☐ Issues with Criminal History: *(Specify)* _____
      ☐ To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
      ☐ To afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
      ☐ To protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
      ☐ To provide the defendant with needed educational or vocational training (18 U.S.C. § 3553(a)(2)(D))
      ☐ To provide the defendant with medical care (18 U.S.C. § 3553(a)(2)(D))
      ☐ To provide the defendant with other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
      ☐ To avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6)) (Specify in section D)
      ☐ To provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))
      ☐ Acceptance of Responsibility    ☐ Conduct Pre-trial/On Bond    ☐ Cooperation Without Government Motion for
      ☐ Early Plea Agreement            ☐ Global Plea Agreement           Departure
      ☐ Time Served *(not counted in sentence)*  ☐ Waiver of Indictment  ☐ Waiver of Appeal
      ☐ Policy Disagreement with the Guidelines *(Kimbrough v. U.S., 552 U.S. 85 (2007): (Specify)* _____

      ☐ Other: *(Specify)* _____

   D. *State the basis for a variance. (Use Section VIII if necessary)*

DEFENDANT: HAROLD SCOTT MCDONALD  
CASE NUMBER: 1:15CR329-3  
DISTRICT: Middle District of North Carolina

# STATEMENT OF REASONS

## VII. COURT DETERMINATIONS OF RESTITUTION

A. ☒ Restitution Not Applicable.

B. Total Amount of Restitution: $ _____

C. Restitution not ordered: *(Check only one)*

1. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).
2. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).
3. ☐ *For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).*
4. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. §§ 1593, 2248, 2259, 2264, 2327 or 3663A, restitution is not ordered because the victim(s)'(s) losses were not ascertainable (18 U.S.C. § 3664(d)(5))
5. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. §§ 1593, 2248, 2259, 2264, 2327 or 3663A, restitution is not ordered because the victim(s) elected to not participate in any phase of determining the restitution order (18 U.S.C. § 3664(g)(1)).
6. ☐ Restitution is not ordered for other reasons. *(Explain)*

D. ☐ Partial restitution is ordered for these reasons *(18 U.S.C. § 3553(c))*:

## VIII. ADDITIONAL BASIS FOR THE SENTENCE IN THIS CASE *(If applicable)*

In imposing a discretionary sentence, the Court has considered the applicable Sentencing Guidelines range, along with the sentencing factors in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, the types of sentence available, any pertinent policy statements issued by the Sentencing Commission, the need to provide restitution to victims of the offense, and Congress' objective in avoiding unwarranted sentence disparities. The Court has selected a sentence that is sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training and medical care.

The Court determined the loss amount to be the amount noted in the plea agreement (namely, more than $6,500, but less than $15,000). Hence, the Court determined the Base Offense Level to be 10 pursuant to U.S.S.G. § 2B1.1(b)(1)(B) and, after accounting for acceptance of responsibility, the Total Offense Level to be 8.

The Court has identified the advisory Sentencing Guidelines range in this case as 0 to 6 months of imprisonment. In determining an appropriate sentence, the Court considered the nature and circumstances of the offense in that the offense was serious because it involved multiple instances of the sale and transportation of stolen goods. The Court also considered the defendant's history and characteristics, including that the defendant has a good employment history and has maintained ownership of his own business. The Court also noted the need to provide for just punishment, to afford adequate deterrence, and to promote respect for the law. Taking all of these matters into account, the Court determined that a probationary sentence would be sufficient, but not greater than necessary, to meet the sentencing objectives of § 3553. Thus, the Court determined that a sentence of 5 years probation (with 6 months of home detention) would be appropriate in this case.

---

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: October 4, 1984

Defendant's Residence Address: 1791 Westbrook Road, Edgemoor, SC 29712

Defendant's Mailing Address: Same as above

Date of Imposition of Judgment  
May 19, 2016

Signature of Judge  
James A. Beaty, Jr., United States District Judge  
Name and Title of Judge  
Date Signed 6/8/16