PROB 12C
11/03

# UNITED STATES DISTRICT COURT
## for the
## Middle District of North Carolina



## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Harold Scott McDonald     Case Number: 1:15CR329-3

Name of Sentencing Judicial Officer: The Honorable James A. Beaty, Jr.

Date of Original Sentence: May 19, 2016

Original Offense: Conspiracy to Commit Interstate Transportation and Receipt of Stolen Property in violation of 18 U.S.C. § 371.

Original Sentence: Probation for a term of 5 years.

Type of Supervision: Probation     Date Supervision Commenced: May 19, 2016
Date Supervision Expires: May 18, 2021

Assistant U.S. Attorney: Joanna G. McFadden     Defense Attorney: Corey D. Buggs

## PETITIONING THE COURT

[X] To issue a warrant. For compelling reasons, this petition and Warrant shall remain sealed until the Warrant is executed. The Clerk shall provide a copy of the petition and Warrant to the U.S. Probation Office, the U.S. Attorney's Office, and the United States Marshal Office.

[ ] To issue a summons

The probation officer believes that Mr. McDonald has violated the following condition(s) of supervision:

| CONDITION VIOLATED | NATURE OF NONCOMPLIANCE |
|---|---|
| The defendant shall abide by all conditions and terms of the location monitoring home detention program for a period of 6 months. At the direction of the probation officer, the defendant shall wear a location monitoring device which may include GPS or other monitoring technology and follow all program procedures specified by the probation officer. The defendant shall pay for the location monitoring services as directed by the probation officer. | Mr. McDonald failed to abide by the terms of location monitoring in that he tampered with his GPS monitoring equipment, causing it to fall off his ankle. |

RE: Harold Scott McDonald 2

U.S. Probation Officer Recommendation:

[X] The term of supervision should be
    [X] revoked.
    [ ] extended for years, for a total term of years.

[ ] The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the forgoing is true and correct.

Executed On June 21, 2016

_____
Christopher M. Bersch
Senior U.S. Probation Officer

Approved by:

_____       6/21/16
Edward R. Cameron       Date
Supervisory U.S. Probation Officer

## THE COURT ORDERS

[ ] No Action
[✓] The Issuance of a Warrant. For compelling reasons, this petition and Warrant shall remain sealed until the Warrant is executed. The Clerk shall provide a copy of the petition and Warrant to the U.S. Probation Office, the U.S. Attorney's Office, and the United States Marshal Office.
[ ] The Issuance of a Summons.
[ ] Other

_____
Signature of Judicial Officer

6/24/16
Date

## GENERAL ADJUSTMENT UNDER SUPERVISION:

Mr. McDonald's term of probation commenced on May 19, 2016. Although the Middle District of North Carolina maintains jurisdiction of this case, supervision was transferred to the District of South Carolina. According to United States Probation Officer (USPO) Crystal Boyd, Mr. McDonald was placed in the location monitoring program on May 24, 2016. USPO Boyd utilized a Global Positioning Satellite unit, number 1149919. Prior to installation, USPO Boyd examined the unit and did not observe any visible cracks or issues. On June 1, 2016, at 10:26 a.m., Officer Boyd received an alert indicating a "strap tamper" on the unit. Officer Boyd attempted to contact Mr. McDonald for approximately fifteen minutes before speaking with him at 10:49 a.m. Mr. McDonald reported to Officer Boyd that the tracking unit had "fallen off of his leg," while washing his car. Mr. McDonald was instructed to immediately report to the probation office, in which he complied. Mr. McDonald provided Officer Boyd with the tracking unit. Upon inspection, the tracking unit revealed several cracks at the charging port, and marks on the latch that secures the tracking unit onto the ankle. It is also noted that the strap securing the unit onto Mr. McDonald's ankle, was pulled off of the unit. Mr. McDonald denied tampering with the device in any way. Officer Boyd subsequently placed another tracking unit on Mr. McDonald.

## RANGE OF IMPRISONMENT APPLICABLE UPON REVOCATION:

### Statutory Provisions:

Mr. McDonald's original conviction under Count One is a Class D Felony and the statutory maximum sentence is not more than 5 years. Mr. McDonald's original guideline range was 0 to 6 months.

According to 18 U.S.C. § 3565(a)(2), if Mr. McDonald is found in violation of probation, the Court may revoke the sentence of probation and resentence him under subchapter A.

### Policy Statements:

Mr. McDonald's most serious grade of violation is a Grade C in that his violations of probation are technical in nature. Mr. McDonald's original criminal history category was a Category I. Pursuant to USSG §7B1.4(a), the range of imprisonment applicable upon revocation is 3 to 9 months. The Chapter 7 policy statements regarding the range of imprisonment applicable upon revocation are not binding on the Court. The Court must consider them, but may deviate from them for good reason articulated on the record.

Pursuant to USSG §7B1.3(c)(1), the minimum term may be satisfied by a sentence of imprisonment; or a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in USSG §5C1.1(e) for any portion of the minimum term.

### Imposition of Supervised Release

If probation is revoked and a term of imprisonment is imposed, a term of supervised release is not to exceed 3 years, may be imposed, except that the Court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute or if the defendant has been convicted for the first time of a domestic violence crime as defined in 18 USC §3561(b). 18 USC §3583(a).

## FACTORS THAT MAY WARRANT DEPARTURE:

No departure issues identified.

## SENTENCE OUTSIDE OF THE ADVISORY GUIDELINE SYSTEM:

None

## UNSATISFIED CONDITIONS OF ORIGINAL SENTENCE:

Mr. McDonald has an outstanding balance of approximately 5 months of his location monitoring condition previously imposed that has not been satisfied. Pursuant to USSG §7B1.3(d), any unserved portion may be converted to an equivalent period of imprisonment upon revocation.

## ADJUSTMENT FOR OFFICIAL DETENTION:

Mr. McDonald was arrested pursuant to a federal warrant for the instant offense conduct on September 4, 2015, and released on pretrial supervision on September 10, 2015. He was subsequently detained on October 28, 2015, after being released from state custody following new state charges for an unrelated offense. Therefore, he has approximately 210 days of jail time he may be credited with by the Bureau of Prisons. The BOP Computation/Designation Center has been contacted for a more accurate number. As of this writing, that information has not been received.

RE: Harold Scott McDonald                                                                              5

## RECOMMENDATION:

It is recommended that Mr. McDonald's probation be revoked and that he be sentenced to 6 months imprisonment, plus the equivalent of any outstanding balance of his location monitoring condition previously imposed. It is clear that Mr. McDonald deliberately tampered with and removed the location monitoring unit from his person; however, Mr. McDonald refuses to take responsibility for his actions and admit his wrong doing. Mr. McDonald was originally placed in the location monitoring program in order to substitute any further imprisonment time, but he failed to maintain his compliance with the terms and conditions of the location monitoring program, and respect the seriousness of the Court's Order.

It is further recommended that the Court reimpose the maximum amount of supervised release available following revocation.

## Voluntary Surrender/Detention:

It is recommended that Mr. McDonald be detained until his final revocation hearing. This recommendation is based upon our belief that Mr. McDonald can be considered a risk of flight; in that he has removed the GPS unit from his person and failed to immediately report the issue to the probation officer. It is furthermore; Mr. McDonald can be considered a danger to the community in that his adjustment to pre-trial supervision included a new arrest for Misdemeanor Second Degree Domestic Violence. For these same reasons he is not considered a candidate for voluntary surrender to the Bureau of Prisons.

Respectfully submitted,

Christopher M. Bersch
Senior U.S. Probation Officer

Approved by:

Edward R. Cameron
Supervisory U.S. Probation Officer

6/21/16
Date

cc: U.S. Attorney
Defense Attorney
Harold Scott McDonald